**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

CRIMINAL NO. 11-009-JJB

VERSUS

SHEDRICK McKENZIE, ET AL.

**RULING ON 404(b) EVIDENCE OF HENRY JONES'S PRIOR CONVICTION**

Before the Court is the government's intent to introduce evidence under Fed. Rule Evid. 404(b) (Doc. 79) and the defendant Henry Jones's objection (Doc. 91). Following a hearing held on October 11, 2011, the Court ordered the government to specify the nature of the evidence and the reasons why it should be admitted. (Minute Entry of Oct. 11, 2011, Doc. 113). The government complied with that order, specifying that the conviction of Henry Jones in *United States v. Ngari, et al.*, No. 10-60-JJB, is relevant to Jones's knowledge and intent. (Docs. 96, 115). At a hearing on the defense's motion to dismiss the indictment on November 1, 2011, Jones lodged additional objections on the basis that the conviction is not probative, only slightly relevant, and highly prejudicial.

Federal Rule of Evidence 404(b) states, in relevant part, that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may however, be admissible for other purposes, such as proof of ... intent, ... [or] knowledge...." As the Fifth Circuit has stated, "[e]vidence of prior offenses is admissible if it is (1) relevant to an issue other than defendant's character, and (2) the incremental probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." *United States v. Carrillo*, -- F.3d --, No. 10-50243, 2011 WL 4921293, at *12 (5th Cir. Oct. 18, 2011) (quotations and citation omitted). The government is

correct in noting that the conviction is relevant to an issue other than Jones' character. The *Ngari* conviction shows Jones had knowledge sufficient to conspire to defraud Medicare and pay and receive health care kickbacks. Moreover, since Jones has pled not guilty in this case, he has put his knowledge and intent to commit the crime charge in this indictment into issue. *Id.*

When, as here, a prior conviction closely parallels the charged crime, introduction of the conviction becomes at once more probative and more prejudicial. It is more probative, of course, for obvious reasons: the mechanics of the scheme for which Jones was previously convicted are quite similar to the scheme charged here. The offenses for which he was convicted are identical to the offenses charged here. But for the same reasons the conviction retains high probative value, it also becomes more prejudicial. The similarity of the crimes for which Jones has been previously convicted and for which he is currently charged presents a danger that the jury will convict him of the charged offense because of his prior conviction. *See United States v. Beechum*, 582 F.2d 898, 914 (5th Cir. 1978) (en banc). The probative value of the conviction is also somewhat dampened by the fact that the government will be introducing "inextricably intertwined" evidence in this case that was also introduced in the *Ngari* case, which resulted in Jones's conviction. Therefore, the Court finds the incremental probative value of the conviction itself is substantially outweighed by the danger of unfair prejudice to Henry Jones.

**CONCLUSION; ORDER**

Accordingly, the Court finds the evidence of Henry Jones's prior conviction in *United States v. Ngari* INADMISSIBLE in this case.

Signed in Baton Rouge, Louisiana, on November 2, 2011.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**